**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) CHAD E. OSTERHOUT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ___17-CV-99-KEW___ |
| | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| (1) JASON TIMMS, | ) | JURY TRIAL DEMANDED |
| (2) KENDALL MORGAN, | ) | |
| (3) BOARD OF COUNTY | ) | |
| COMMISSIONERS OF LEFLORE COUNTY, | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW, the Plaintiff, Chad E. Osterhout, and for his Complaint against Defendants, alleges and states as follows:

**PARTIES**

1.      Plaintiff Chad E. Osterhout is an individual and a resident of Rogers County, Oklahoma.

2.      Defendant Jason Timms ("Timms") is a resident of LeFlore County, State of Oklahoma. Timms was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of the LeFlore County Sheriff's Office ("LCSO").

3.      Defendant Kendall Morgan ("Undersheriff Morgan") or ("Morgan") is a resident of LeFlore County, State of Oklahoma. Morgan was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as an employee or agent of the LCSO.

1

4.      Defendant Board of County Commissioners of LeFlore County ("BOCC") is a statutorily-created governmental entity.   The Oklahoma Governmental Tort Claims Act ("GTCA") requires that suits instituted pursuant to its provisions "shall name as defendant the state or the political subdivision against which liability is sought to be established," and that "[i]n no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant." Okla. Stat. tit. 51, § 163(C). Thus, BOCC is clearly a proper governmental party to Plaintiffs' claims brought under the GTCA.  *See* Okla. Stat. tit. 19, § 4.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under the color of law.

6.      This Court also has original jurisdiction under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth Amendment and the Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7.      This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since claims form part of the same case or controversy arising under the United State Constitution and federal law.

8.      The acts complained of herein occurred in LeFlore County, Oklahoma, which is also the residence of the all three Defendants. Jurisdiction and venue are thus proper under 28 U.S.C. §§ 116(a) and 1391(b).

## FACTUAL BACKGROUND

9.      Paragraphs 1 to 8 are incorporated herein by reference.

10.      On or about June 27, 2015, near sunset, Plaintiff was riding a motorcycle down a road in LeFlore County, north of Poteau, Oklahoma.

11.      While Plaintiff was lawfully driving down the road, Undersheriff Kendall Morgan and Deputy Jason Timms, both of the LeFlore County Sheriff's Office, began to follow the Plaintiff .

12.      Plaintiff did not initially perceive he was being followed by law enforcement. However, because they were following him so closely, Plaintiff pulled over twice and Defendants' vehicle pulled over behind him both times. Defendants Timms and Morgan did not turn on their lights or get out of their vehicle the first two times Plaintiff pulled to the side of the road.

13.      After the second time he pulled over, the Plaintiff turned on to a dirt road to let Defendants Timms and Morgan's vehicle pass him. At this point, Defendants Timms and Morgan's vehicle turned on their lights. Plaintiff came to a stop, and while he was at a full and complete stop, the sheriff's vehicle hit back tire of the motorcycle. The collision of the Defendants' vehicle with the motorcycle pushed Plaintiff and the motorcycle off the road and into a ditch, causing damage to the motorcycle and personal injury to the Plaintiff.

14.      The Defendants' assault on Plaintiff did not end with knocking his bike into a ditch with their vehicle. After being knocked off his motorcycle, Plaintiff stood with his hands

up. However, although Plaintiff was not fleeing or resisting, Defendants Timms and Defendant

Morgan assaulted Plaintiff by hitting him with their fists. Morgan hit Plaintiff in the face with a

flashlight, and threw Plaintiff to the ground.

15.     At some point during the assault, Plaintiff was placed in handcuffs, yet the assault

did not cease. While he was handcuffed, Defendant Morgan and/or Defendant Timms kicked

Plaintiff in the ribs. During the assault, Defendants Morgan and/or Timms called Plaintiff a

"hippie piece of shit" and told him the only people who lived on that road were on "meth."

16.     At the time of the assault, Plaintiff was: 1) unarmed; 2) not fleeing custody; 3) not

resisting; and 4) not posing a threat to himself, Defendants, or anyone else.

17.     Following the assault, an ambulance was called for Plaintiff. Plaintiff was

transported to the Eastern Oklahoma Medical Center due to his injuries.

18.     Plaintiff spent the next several hours at the emergency room of the Eastern

Oklahoma Medical Center under the unlawful custody of the LCSO. When Plaintiff was

discharged from the hospital, Defendants Morgan and Timms wrote him several tickets,

including driving under the influence of alcohol or other intoxicating substances ("DUI").

However, the Defendants then inexplicably released Plaintiff on his own recognizance. Plaintiff

was never taken to jail or booked into a detention facility in relation to this incident. In fact,

Defendant Morgan advised Plaintiff to just "get out of my county" and never come back.

19.     Plaintiff attended the court date written on his tickets, which was July 16, 2015.

However, he was told there was no case filed against him.

20.     Plaintiff returned to the LeFlore County Courthouse for a second time the summer

of 2015 and was again informed that there was no record of any charges or of any case filed

against him.

4

21.     Although the encounter between Defendants and Plaintiff took place on June 27, 2015, it was not until November 16, 2015 that charges were filed against Plaintiff in LeFlore County, Oklahoma. Notably, the underlying DUI charge, for which Plaintiff was written a ticket, was never filed. In fact, the only charges made against Plaintiff regarding this incident are: 1) attempting to elude a police officer; and 2) resisting an officer.

22.     These are false, trumped up, charges, filed against Plaintiff to cover up the excessive use of force and assault of Plaintiff.  Plaintiff committed no crime.  And there was no probable cause to arrest Plaintiff.  He never eluded any officer and certainly never resisted.

23.     Due to the assault, Plaintiff suffered severe physical injures to his ribs, head and face, resulting in a broken nose. Plaintiff also suffered emotional and mental pain and anguish.

24.     At the time of the assault, Defendants Timms and Morgan were acting under the color of State law and within the scope of their employment with the LeFlore County Sheriff's Office.

25.     Plaintiff was brutally assaulted by Undersheriff Morgan and Deputy Timms of the LeFlore County, Oklahoma in violation of his constitutionally protected rights and common law tort principles.

## CAUSES OF ACTION

### CLAIM I
### EXCESSIVE USE OF FORCE
**(Fourth and/or Fourteenth Amendment; 42 U.S.C. § 1983)**

26.     Paragraphs 1-25 are incorporated herein by reference.

27.     At the time of the complained of events, Mr. Osterhout, as a free person, had a clearly established constitutional right under the Fourth and/or Fourteenth Amendment to be

secure in his person and free from objectively unreasonable seizure through excessive force to injure him and his bodily integrity.

28.     Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

29.     In the totality of the circumstances, at the time that the violent force as used by Defendants Morgan and Timms, Mr. Osterhout was: 1) unarmed; 2) not fleeing; 3) not resisting; and 4) posed no threat to himself, the Defendants, or anyone else.

30.     Further proving the lack of danger or threat that Plaintiff posed, Defendants Morgan and Timms did not take Plaintiff to jail and he was never booked into a detention facility.  Indeed, no charges were filed against Plaintiff until nearly five (5) months after the incident.

31.     The charges, as eventually brought, are false, trumped up, charges, filed against Plaintiff to cover up the excessive use of force and assault.  Plaintiff committed no crime.  And there was no probable cause to arrest Plaintiff.  He never eluded any officer and certainly never resisted.

32.     The use of violent force by Defendants Timms and Morgan under the circumstances described herein was excessive and objectively unreasonable.

33.     Defendants Morgan and Timms applied objectively unreasonable and excessive physical force on Plaintiff Osterhout, thereby causing him serious bodily injures, as well as mental pain and anguish.

34.     The use of force, as described herein, also involved reckless, callous, and deliberate indifference to Mr. Osterhout's federally protected rights.

35.     As a direct proximate result of Defendants' unlawful conduct, Mr. Osterhout suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling him to recover compensatory and special damages in amounts to be determined at trial.

36.     Plaintiff is entitled to punitive damages on his claims brought pursuant to 42. U.S.C. § 1983 as Defendants' conduct, acts and omissions alleged here in constitute reckless or callous indifferences to Mr. Osterhout's federally protected rights.

## CLAIM II
## ASSAULT AND BATTERY
## (BOCC)

37.     Paragraphs 1 to 36 are incorporated herein by reference.

38.     In Oklahoma, an individual is liable for battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Brown v. Ford*, 905 P.2d 223, 229 n. 34 (Okla.1995) (overruled on other grounds) (quoting Restatement (Second) of Torts § 13).

39.     Similarly, an individual is liable for assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Id. (quoting Restatement (Second) of Torts § 21).

40.     Such claims are subject to additional requirements when asserted as against a law enforcement officer. Under Okla. Stat. tit. 21, § 643(1), "an action for assault and battery will not lie for the use of force '**when necessarily committed by a public officer in the performance of**

7

**any legal duty….**'" *Madoux v. City of Norman*, No. CIV–07–435–M, 2007 WL 4171558, at *5 (W.D. Okla. Nov.20, 2007) (quoting Okla. Stat. tit. 21, § 643(1)) (emphasis added).

41.     "An officer's use of force is not 'necessarily committed' where such force is excessive or unreasonable." *Payne v. Myers,* 2015 WL 5775188, at *11 (N.D. Okla., Sept. 30, 2015).

42.     Here, Defendants Timms and Morgan's use of force on Osterhout was intentional, offensive, unnecessary, excessive, unreasonable and harmful.

43.     At the time of the complained of events, Mr. Osterhout, was: 1) unarmed; 2) not resisting; 3) not feeling; and 4) posed no threat to himself, the officer, or anyone else. Again, he was never charged with the DUI, and there was no evidence to write him a ticket for DUI.

44.     Further proving the lack of danger or threat that Plaintiff posed, Defendants Morgan and Timms did not take Plaintiff to jail and he was never booked into a detention facility.  Indeed, no charges were filed against Plaintiff until nearly five (5) months after the incident.

45.     The charges, as eventually brought, are false, trumped up, charges, filed against Plaintiff to cover up the excessive use of force and assault.  Plaintiff committed no crime.  And there was no probable cause to arrest Plaintiff.  He never eluded any officer and certainly never resisted. .

46.     In the totality of the circumstances, at the time that Morgan and Timms began to use force against Plaintiff Osterhout, Plaintiff was unarmed and had his hands in the air.  After the initial assault, and subsequent to putting Mr. Osterhout in handcuffs, the Defendants persisted in their assault by kicking him in the ribs. Because Osterhout did not pose any immediate threat and was not actively resisting arrest when the assault began, Timms and Morgan had no

reasonable basis to employ any force on Osterhout. Under the circumstances, Defendants' actions, including hitting him with a flashlight, hitting him with closed fists and kicking Plaintiff while he was handcuffed, clearly constitute unnecessary and excessive use of force.

47.     Defendants' assault on Plaintiff resulted in a violation of Plaintiff's rights causing him bodily injury, as well as mental pain and anguish.

48.     As a direct proximate result of Defendants' unlawful conduct, Osterhout suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Osterhout to recover compensatory and special damages in amounts to be determined at trial.

49.     When Defendants Timms and Morgan assaulted and battered Osterhout, they were acting within the scope of their employment.  More particularly, Defendants' acts were "incident to … service[s] being performed for [their] employer or ar[ose] out of an emotional response to actions being taken for the employer." *Rodebush v. Oklahoma Nursing Homes, Ltd*., 1993 OK 160, 867 P.2d 1241, 1245.

50.     Thus, the Defendant BOCC/LeFlore County is vicariously liable for Defendants Timms and Morgan's conduct.

**CLAIM III**
**NEGLIGENT USE OF EXCESSIVE FORCE**
**(BOCC)**

51.     Paragraphs 1 to 50 are incorporated herein by reference.

52.     In Oklahoma, "[a] defendant is generally said to owe a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks that make the conduct unreasonably dangerous."  *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't,* 230 P.3d 869, 878 (Okla. 2010).

53.     Because, however, the act of making an arrest necessarily involves some risk of harm to the arrestee, "a police officer has a special dispensation from the duty of ordinary care not to endanger others." *Id.* at 880.

54.     In particular, "[a] police officer's duty … is to use only such force in making an arrest as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the arrest." *Id.*

55.     Here, Defendants owed a duty to Osterhout to use only such force in securing his cooperation as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time of the incident.

56.     Morgan and Timms violated and breached that duty by using objectively unreasonable and excessive force as described herein.

57.     As a direct proximate result of Defendants' negligence, Osterhout suffered actual physical injuries, mental and physical pain and suffering and other damages and losses as described herein entitling Osterhout to recover compensatory and special damages in amounts to be determined at trial.

58.     At all pertinent times, Defendants Timms and Morgan were acting within the scope of their employment and BOCC is vicariously liable for their negligent use of excessive force.

## PUNITIVE DAMAGES

59.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58, as though fully set forth herein.

60.     Plaintiff is entitled to punitive damages on his claims as Defendant's conduct, acts, and omissions alleged herein constitute reckless or callous indifference to Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant him the relief sought, including but not limited to actual, compensatory and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

DATED this 20th day of March 2017.

Respectfully submitted,


/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Smolen, Smolen & Roytman, PLLC
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
**Attorneys for Plaintiff**

11