# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD E. OSTERHOUT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-99-RAW ) |
| JASON TIMMS; KENDALL MORGAN; BOARD OF COUNTY COMMISSIONERS OF LEFLORE COUNTY, OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court is the second motion of the defendant Board of County Commissioners of LeFlore County ("the Board") for summary judgment and plaintiff's motion to strike the same. Plaintiff brings a federal claim pursuant to 42 U.S.C. §1983 against defendant Morgan (for alleged use of excessive force) and a state-law claim pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA") against the Board, under a theory of *respondeat superior*, for assault and battery. Plaintiff's third claim is also against the Board pursuant to the OGTCA and alleges negligent use of excessive force.[1]

In a previous order (#78), the court granted the defendants' joint motion for summary judgment (#55) as to defendant Timms, and denied the motion as to defendants Morgan and the Board. As to the Board, the court rejected the arguments that (1) the action should be

---

[1] In its previous motion, the Board argued that plaintiff's third claim was essentially the same as plaintiff's second claim and should be dismissed as duplicative. The court declined to do so but said the matter would be revisited at the conclusion of plaintiff's case in chief. (*See* #78 at 12).

dismissed because plaintiff failed to comply with 51 O.S. §156(E) and (2) failed to state a claim under Oklahoma law for excessive force. As to Morgan, the court denied his assertion of qualified immunity. Morgan then filed an interlocutory appeal regarding denial of qualified immunity. The United States Court of Appeals for the Tenth Circuit affirmed this court on that issue. *See Osterhout v. Morgan,* 763 Fed.Appx. 757 (10th Cir.2019). On March 14, 2019, this court lifted the stay imposed during the appeal. *See* #90.

On the same day the court ordered the parties to submit a joint status report no later than April 15, 2019 (#91). The parties did so. (#93). In Section VII of that document, the question is asked "Are Dispositive Motions Anticipated? If so, describe them." The parties answered "No. Dispositive motions have been filed and ruled on." (#93 at page 7 of 8 in CM/ECF pagination). On April 16, 2019, the court entered an amended scheduling order. This order was entered on a standard form used by the court, which has an entry for "all dispositive motions." The court entered the date 7-10-2019. (#94 at 1). The Board filed the present motion on July 10, 2019.

Included within a court's inherent discretion to control its own docket is the discretion to consider (or to refuse to consider) successive motions for summary judgment raising the same arguments or directed at the same claims. *L-3 Communs. Corp. v. Jaxon Eng'g & Maint., Inc.,* 125 F.Supp.3d 1155, 1162 (D.Colo.2015). *But see Kirby v. O'Dens,* 2015 WL 13016019, *1 (N.D.Okla.2015)(describing "usual practice" among district courts in the Tenth Circuit of limiting parties to a single motion for summary judgment). This court has also

2

addressed the issue in its Local Rules. Local Civil Rule 56.1(a) provides: "Absent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56."[2]

Plaintiff moves to strike the Board's second motion on multiple grounds. First, it argues that the statement in the joint status report that no additional dispositive motions were anticipated was a stipulation. The Board responds that it merely stipulated it did not necessarily anticipate at that time the filing of any further dispositive motions, but did not guarantee no further dispositive motions. Of course, the statement by parties in the joint status report that no additional dispositive motions are anticipated, immediately followed by "[d]ispositive motions have been filed and ruled on" might well lead the reader to believe no additional dispositive motions are forthcoming. When the court asks the parties if any additional dispositive motions are anticipated, ambiguity is not sought. Nevertheless, the court will not strike the motion on that basis.

Next, plaintiff moves to strike based on Local Civil Rule 56.1(a), cited above. The Board relies upon the entry on the amended scheduling order establishing a deadline of July 10, 2019 for dispositive motions. The Board argues that this "constitutes leave of Court for the Defendant to file a second motion for summary judgment." (#113 at 3). On the contrary, leave must be expressly sought and granted. The Board should have requested leave, in conformity with a Local Rule, rather than relying on its own conception of "implied leave" and filing the second motion. Once again, however, the court elects not to strike the motion.

---

[2]The court has the discretion to waive, supplement, or modify any requirement of the local rules when the administration of justice requires. Local Civil Rule 1.2(c).

Plaintiff seeks to strike the motion based on the "law of the case" doctrine. One aspect of the second motion, as will be discussed, does ask the court to reconsider a previous ruling. The court declines to strike the motion on this ground either. A prior denial of summary judgment (being interlocutory and subject to reconsideration) should not be viewed as law of the case. *Speeney v. Rutgers,* 673 Fed.Appx. 149, 156 n.2 (3rd Cir.2016)(citing cases).

Finally, plaintiff moves to strike based on "the prohibition of successive motions for summary judgment which raise arguments that could have been raised in the original motion." (#109 at 1). *Cf. Brown v. City of Syracuse,* 673 F.3d 141, 153 n.2 (2d Cir.2012). The court will exercise its discretion and decline to strike on this ground either.

Motions to strike are generally disfavored because striking an entire pleading is a drastic remedy. *Simon v. Grafton, Inc.,* 2014 WL 3661098, *2 (D.Kan.2014). While plaintiff's motion is denied, it was supported by good-faith arguments.[3] The court will instead consider the motion on the merits.

---

[3]The court relegates to a footnote the Board's weakest arguments. The Board contends that because plaintiff filed a substantive response to the second motion for summary judgment, the motion to strike is now moot and/or that plaintiff acknowledges the legitimacy of the filing. (#113 at 1, 3). Plaintiff is obviously arguing in the alternative; if plaintiff had not responded to the second summary judgment motion, the Board would be arguing the motion is confessed.

The Board states that "further evidence" the court considered the amended scheduling order as a grant of leave to file a second summary judgment motion is that the court did not strike the motion *sua sponte* and directed the Board to submit a bound manual copy of the motion and exhibits. The latter is standard procedure of this court with any motion of length. Inasmuch as motions to strike are disfavored, it would be exceedingly rare for the court to strike a motion *sua sponte*.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Jones v. Azar,* 772 Fed.Appx. 692, 694 (10th Cir.2019). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1026 (10th Cir.2018).

Defendant's first contention is actually a motion to reconsider the court's previous ruling that plaintiff sufficiently complied with 51 O.S. §156(E). That provision states in pertinent part that written notice of claim under the OGTCA should include "the name, address and telephone number of the claimant." Here, the notice listed plaintiff's name and as a mailing address listed "c/o" his attorney's mailing address. The attorney's telephone number also appeared. This court followed *Aery v. Nuckolls,* 2016 WL 5795322 (N.D.Okla.2016) in holding that substantial compliance with the notice provision was sufficient. *See also Stanley v. Bovos,* 2016 WL 4099115, *5 (E.D.Okla.2016).

The Board cites *Swanson v. Board of County Comm'rs of Logan Cnty.,* 288 P.3d 533 (Okla.2012) and its statement that "[t]he limitations under the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed." *Id.* at 534. The *Swanson* decision does not address the notice requirement. Also,

5

it does not discuss the interplay between the statement and the principle that the OGTCA should not be given a construction which will defeat the ends of justice. *See Duncan v. City of Stroud.,* 346 P.3d 446, 450 (Okla.Civ.App.2015). The Supreme Court of Oklahoma has also stated (not addressing the notice provision), "[r]ather than rely on a hyper-technical application of the Act, this Court will consider the purpose behind the GTCA and apply a more reasoned approach sounding in equity." *McWilliams v. Bd. of Cty. Com'rs of Comanche,* 268 P.3d 79, 85 (Okla.2011). It seems clear the purpose of the requirement of claimant's address and telephone number is to facilitate contact regarding the claim. A claimant represented by counsel is generally not to be contacted directly. Any necessary information regarding claimant can be obtained by contact with counsel; thus, no prejudice results.

The Board argues that "unpublished federal district court cases" do not override the Supreme Court's alleged rejection of the doctrine of substantial compliance. There has been no such general rejection at this time. *See also I.W. v. Indep. Sch. Dist.,* 2018 WL 4344476, *4 (W.D.Okla.2018)(allegation of substantial compliance with notice provision survives motion to dismiss). The "unpublished federal district court cases" cite <u>published</u> decisions of the Oklahoma Court of Civil Appeals, which in some instances cite published decisions of the Supreme Court of Oklahoma. The state's highest court has not declared these state-court decisions are no longer good law. Under the present state of the law, this court reaffirms its previous ruling.

The Board next contends that it is immune because Morgan's actions were outside the scope of his employment. In the previous order, the court expressly noted "Defendants do not seek dismissal under the pending motion as regards scope of employment." (#78 at 10). The Board contends it could not make this argument in good faith until the Tenth Circuit had ruled on qualified immunity. The court essentially rejected the unraised argument in the previous order. *Id.* The Board has chosen, however, to expressly raise it and the court rejects it again. *See Chaplin v. City of Muskogee,* 2012 WL 245230, * 3 (E.D.Okla.2012); *Wells v. City of Lawton*, 2010 WL 2610669, *4 (W.D.Okla.2010). *See also Spradlin v. City of Owasso,* 2014 WL 1664974, *9 (N.D.Okla.2014)("Under some circumstances, assaults committed by government employees may be found to be within the scope of employment"); *Barnes v. United States,* 707 Fed.Appx. 512, 517-18 (10th Cir.2017).

It is the order of the court that the second motion of the defendant Board of County Commissioners for summary judgment (#107) is hereby denied. The motion of plaintiff to strike (#109) is denied.

**ORDERED THIS 19th DAY OF AUGUST, 2019.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**