## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHAD E. OSTERHOUT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *vs.* | ) | Case No. 17-cv-099-RAW |
| | ) | |
| 1. KENDALL MORGAN, *and*; | ) | **FILED** |
| 2. BOARD OF COUNTY | ) | |
| COMMISSIONERS OF LEFLORE | ) | |
| COUNTY., OKLAHOMA | ) | OCT 0 4 2019 |
| | ) | |
| Defendants. | ) | PATRICK KEANEY |
| | | Clerk, U.S. District Court |
| | | By_____ |
| | | Deputy Clerk |

---

### INSTRUCTIONS TO THE JURY

---

1

# OPENING INSTRUCTIONS

**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law is or ought to be, you must follow the law provided by these instructions.

## STATEMENT OF THE CASE

The Plaintiff has sued Defendant Kendall Morgan ("Morgan") under the federal civil rights law, alleging violations of his constitutional rights during an incident which occurred on the evening of June 27, 2015. The Plaintiff has sued the Defendant Board of County Commissioners for LeFlore County, Oklahoma under state tort law alleging that the Defendant Board is liable for the alleged acts of Defendant Morgan during the subject incident.

Plaintiff alleges that Defendant Kendall Morgan violated his rights under the Fourth Amendment to the U.S. Constitution by unlawfully and unreasonably seizing his person through the use of excessive force, and that Defendant Morgan is liable under the federal civil rights act for such violations.

Plaintiff alleges that the Defendant Board of County Commissioners for LeFlore County, Oklahoma is liable under the tort law of the State of Oklahoma for the alleged actions of Defendant Morgan under the legal theory that Morgan's actions constituted excessive force.

Defendants deny Plaintiff's allegations and deny they are liable.

## STATEMENT OF THE CASE – CAUTIONARY INSTRUCTION

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

## **TRIAL TRANSCRIPTS**

You will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, as it is not currently possible to provide you with an immediate transcript.

## BURDEN OF PROOF – GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called the "burden of proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence (also called the preponderance of the evidence), or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

## **EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

1.  The sworn testimony of any witness, to include deposition testimony;

2.  The exhibits which have been received into evidence; and

3.   Any stipulations entered into between the parties.

## **WHAT IS NOT EVIDENCE**

Certain things are not evidence and you may not consider them in deciding what the facts are and in reaching your verdict. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What is said in opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

4.  Anything you may have seen or heard when court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.  Also, you should not assume from anything I may have said or done that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your own decision concerning the facts.

## **CONSIDERATION OF THE EVIDENCE**

It is your duty to determine the facts, and in so doing you must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony, stipulations, and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of any eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

## <u>HOW TO EVALUATE THE TESTIMONY OF WITNESSES</u>

You are the sole judges of the "credibility" of believability of each witness and the weight to be given to the witness' testimony. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In making that decision, you may take into account a number of factors including the following:

1. Was the witness able to see, or hear, or know the things about which that witness testified?

2. How well was the witness able to recall and describe those things?

3. What was the witness's manner while testifying?

4. Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case? You must decide whether the believability of the witness's testimony was affected by his or her personal interest.

5. How reasonable was the witness's testimony in light of all the evidence in the case?

6. Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence? In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether the contradiction concerns an important fact or only a small detail.

7. Was the witness's testimony bolstered by the fact he or she has said essentially the same thing on more than one occasion? If so, it may be reason for you to believe the testimony of that witness.

## IMPEACHMENT/CONTRADICTORY STATEMENTS

A witness may be discredited or "impeached" by evidence that at some time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony, or with prior sworn testimony, or by a showing that he or she testified falsely concerning an important matter. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

## LAW ENFORCEMENT AND STATE OFFICER WITNESSES

You have heard the testimony of current and former law enforcement and/or State officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement or State officer witness and to give to that testimony whatever weight, if any, you find it deserves.

## ORAL STATEMENTS OR ADMISSIONS

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## DEPOSITION EVIDENCE

During the trial, certain testimony has been presented by way of deposition, that is, the testimony under oath of a witness taken before trial. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration and the same judgment on your part with reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

## **EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise.  The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

## **NO SPECULATION**

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

## SECTION 1983 CLAIM:  DAMAGES – PREFATORY INSTRUCTION

If you find that Plaintiff, Chad E. Osterhout, has proved his Section 1983 claim against Defendant Kendall Morgan, you must then determine what amount of damages, if any, Plaintiff is entitled to recover from Defendant Morgan.

If you find that Plaintiff has failed to prove his Section 1983 claim, then you will not consider the question of damages for the claim Plaintiff has failed to prove as against Defendant Morgan.

## <u>STATE-LAW TORT CLAIM:  DAMAGES – PREFATORY INSTRUCTION</u>

If you find that Plaintiff, Chad E. Osterhout, has proved his State-Law tort claim against Defendant Board, you must then determine what amount of damages, if any, Plaintiff is entitled to recover from Defendant Board.

If you find that Plaintiff has failed to prove his claim as against the Defendant Board, then you will not consider the question of damages for the claim Plaintiff has failed to prove.

## **CONSIDER EACH DEFENDANT SEPARATELY**

The Plaintiff has sued two Defendants in this case and claims that each is liable to him in damages.  You must consider separately the liability of each Defendant to the Plaintiff under the evidence and the Court's instructions as to the applicable law.  The fact that one Defendant may be found liable to the Plaintiff should not control your verdict with respect to another Defendant, unless you find that the Plaintiff has also proven his claim against such other Defendant.

## MULTIPLE CLAIMS

The Plaintiff in this case asserts a separate claim against each Defendant. Each claim by Plaintiff and the evidence presented as to each claim is to be evaluated individually.

## **GOVERNMENTAL DEFENDANT**

Defendant Board of County Commissioners for LeFlore County, Oklahoma, is a governmental entity. It is entitled to the same fair and impartial treatment as an individual defendant would be entitled, regardless of its status as a governmental entity.

## SECTION 1983 CLAIM:  INTRODUCTORY INSTRUCTION

Plaintiff brings one of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## SECTION 1983 CLAIM:  CLAIM AGAINST DEFENDANT IN INDIVIDUAL

## CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on his Section 1983 claim against Defendant Kendall Morgan, Plaintiff Chad E. Osterhout must prove, by a preponderance of the evidence, each of the following elements:

1.    The conduct complained of was committed by Defendant Morgan while under color of law.  The parties have stipulated that Defendant Morgan was acting under color of law.

2.    The acts of Defendant Morgan deprived the Plaintiff of his rights, privileges, or immunities secured by the United States Constitution or law of the United States, as explained in later Instructions; and

3.    Defendant Morgan's actions were a direct or proximate cause of the injuries and consequent damages claimed by the Plaintiff.

If you find that Plaintiff has proved each of these elements, your verdict should be for Plaintiff.  If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant Morgan as to the distinct claim alleged against Defendant Morgan individually.

The following instructions will provide you additional directions for determining whether these elements have been met.

## 42 U.S.C. § 1983 – FIRST ELEMENT – COLOR OF LAW

To prevail on his Section 1983 claim, the Plaintiff must establish that his federal constitutional rights were violated by Defendant Morgan and that he acted under "color of law."

An officer or employee of a governmental entity does not act under color of law merely because he is employed by that governmental entity. Rather, for an action to be considered taken under color of law, it must have been taken pursuant to a power possessed by virtue of state law and made possible only because the individual is clothed with the authority of state law. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. An act of a governmental officer in the ambit of his own personal pursuits is not action taken under color of law.

Just because Defendant Morgan acted under color of law with regard to a particular claim of Plaintiff, does not require you to also find he violated Plaintiff's federal constitutional rights. Whether the individual acted under color of law and whether he violated the Plaintiff's constitutional rights are two separate issues.

## 42 U.S.C. § 1983 – SECOND ELEMENT – DEPRIVATION OF A CONSTITUTIONAL RIGHT – EXCESSIVE FORCE

Plaintiff alleges that Defendant Morgan violated his rights under the Fourth Amendment to the United States Constitution by unlawfully and unreasonably seizing his person through the use of excessive force. In order to hold Defendant Morgan liable under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a constitutional right by Defendant Morgan in violation of Plaintiff's Fourth Amendment right to be free from excessive force.

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, in detaining an individual, an officer has the right to use such force as a reasonable officer would believe is necessary under the circumstances. You must decide whether Defendant Morgan's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Morgan faced on June 27, 2015. You must make this decision based on what Defendant Morgan knew at the time of the incident, not based upon what you know now. In deciding whether Defendant Morgan's use of force was unreasonable, you must not consider whether Defendant Morgan's intentions were good or bad.

In performing his job, a law enforcement officer may use force that is reasonably necessary under the circumstances confronting him at the time the force is used. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to: the severity of the crime at issue; whether Plaintiff posed an immediate threat to the safety of Defendant Morgan or others; and whether Plaintiff was actively resisting.

26

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation in circumstances that are tense, uncertain, and rapidly evolving.

The "reasonableness" inquiry is an objective one. The question is whether an officer's actions are "objectively reasonable" in light of all the facts and circumstances confronting him, without regard to his underlying intent or motivation. Evil intentions will not make a constitutional violation out of an objectively reasonable use of force; and good intentions will not make an unreasonable use of force proper.

In order to prove the claim of unconstitutionally excessive force, Plaintiff must prove by a preponderance of the evidence the following: that Defendant Morgan intentionally, rather than negligently, used unconstitutionally excessive force as I have defined it. However, it is not necessary to find that Defendant Morgan had any specific purpose or desire to deprive Plaintiff of his constitutional rights in order to find in favor of Plaintiff. Plaintiff must prove only that the *action* was deliberate, not that the *consequence* was intended. Mere negligence, however, is not sufficient. Plaintiff is entitled to relief if Defendant Morgan intentionally acted in a manner that resulted in a violation of Plaintiff's constitutional rights.

If you find that Defendant Morgan did not use unreasonable or excessive force, then your deliberations regarding excessive force must end, and you must enter a verdict in favor of Defendant Morgan.

If, however, you find that Defendant Morgan used unreasonable or excessive force, then you must next consider whether Plaintiff has proven the additional elements of the claim.

## 42 U.S.C. § 1983 – THIRD ELEMENT – PROXIMATE CAUSE

Plaintiff must also prove that the actions of Defendant Morgan were a direct or proximate cause of the injuries and consequent damages claimed by that Plaintiff. "Proximate cause" means that there must be a sufficient causal connection between the acts of Defendant Morgan and any injury or damage sustained by Plaintiff. An act is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of Defendant Morgan's acts. If an injury was a direct or a reasonable consequence of Defendant Morgan's conduct, it was proximately caused by that conduct. In other words, if Defendant Morgan's acts had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

The requisite causal connection is satisfied if Defendant Morgan set in motion a series of events that he should have known would cause others to violate Plaintiff's constitutional rights. In order to recover damages for any injury, Plaintiff must show that such injury would not have occurred without the conduct of Defendant Morgan. If you find that Defendant Morgan has proved, by a preponderance of the evidence, that any injuries to Plaintiff would have occurred even in the absence of Defendant Morgan's conduct, you must find that he did not proximately cause Plaintiff's injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damages. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to proximately cause an injury.

## **SECTION 1983 DAMAGES**

The abstract value of a constitutional right may not form the basis for 42 U.S.C. § 1983 damages. Therefore, you may not award the Plaintiff damages based solely on the alleged violation of his constitutional rights. Plaintiff must demonstrate some actual injury suffered that was caused by Defendant Morgan.

## CAUSATION AND DAMAGES

If you find in favor of Plaintiff for his claim alleged under 42 U.S.C. § 1983, you may award damages only for those injuries which you find that Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by Defendant Morgan.  You must distinguish between, on the one hand, the existence of a violation of the Plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find Defendant Morgan deprived Plaintiff of his rights, you must ask whether that Plaintiff has proven by a preponderance of the evidence that the deprivation directly caused the damage he claims to have suffered.

## SECTION 1983 CLAIM:  DAMAGES – COMPENSATORY

If you find in favor of Plaintiff for his claim alleged under 42 U.S.C. § 1983, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of excessive force on the part of Defendant Morgan.  These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The wages, salary, profits, earning capacity that Plaintiff has lost.

2. The physical and mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injuries he has sustained.

## SECTION 1983 CLAIM:  DAMAGES – PUNITIVE

If you find for Plaintiff for his claim alleged under 42 U.S.C. § 1983, you may, but are not required to, assess punitive damages against Defendant Morgan.  The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant Morgan and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant Morgan.  You may assess punitive damages only if you find that the conduct of Defendant Morgan was malicious or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights, if under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that have been described to you, but should not reflect bias, prejudice, or sympathy toward either party.  In determining the amount of any punitive damages, you should consider the following factors:

· The Reprehensibility of Defendant Morgan's conduct;

· The impact of Defendant Morgan's conduct on Plaintiff;

· The relationship between Plaintiff and Defendant Morgan;

· The likelihood that Defendant Morgan would repeat the conduct if an award of punitive damages is not made;

· The relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

## SECTION 1983 CLAIM:  DAMAGES – NOMINAL

The law that applies to Plaintiff's claim under Section 1983 authorizes an award of nominal damages.  If you find for Plaintiff for his claim alleged under Section 1983 but you find that Plaintiff has failed to prove compensatory damages as defined in these Instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## STATE-LAW TORT CLAIM:  INTRODUCTORY INSTRUCTION

Plaintiff brings a separate claim against Defendant Board of County Commissioners of LeFlore County ("Board") as the employer of Defendant Morgan at the time of the incident giving rise to this lawsuit.  Plaintiff alleges that the Board is liable under the tort law of the State of Oklahoma for the alleged actions of Defendant Morgan under the legal theory that his actions constituted excessive force.   Plaintiff's state law tort claim is governed by the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51 § 151, *et. seq.*  Under the OGTCA, the Board may be held liable for the torts committed by the law enforcement officers it employs, if such torts were committed within the scope of the officer's employment.

## OGTCA – EXCESSIVE FORCE

Plaintiff alleges that Defendant Board is liable under the OGTCA for the alleged actions of Defendant Morgan under the legal theory that his actions constituted excessive force.

In Oklahoma, law enforcement officers have a special dispensation from the duty of ordinary care not to endanger others. A law enforcement officer's duty in this regard is to use only such force in conducting his law enforcement duties as a reasonably prudent police officer would use in light of the objective circumstances confronting the officer at the time. In applying this standard, an officer's subjective mistake of fact or law is irrelevant, including whether he is acting in good faith or bad. The question is whether the objective facts support the degree of force employed. This "objective reasonableness" standard is virtually identical to the standard used for federal 42 U.S.C. § 1983 excessive force claims as discussed above.

In evaluating the objective reasonableness of Defendant Morgan's use of force, you must consider the totality of the circumstances at the time force was used, including, but not limited to: (1) the severity of the crime at issue; (2) whether Plaintiff posed an immediate threat to the safety of Defendant Morgan or others; (3) whether Plaintiff was actively resisting; (4) the known character of Plaintiff; (5) the existence of alternative methods; (6) the physical size, strength and weaponry of Defendant Morgan compared to those of Plaintiff; and (7) the exigency of the moment.

If you find that Defendant Morgan did not use unreasonable or excessive force and that his actions were legally justified in light of the totality of the circumstances, then you must enter a verdict in favor of the Defendant Board with regard to Plaintiff's state tort claim of excessive force.

## STATE-LAW TORT CLAIM:  EXCESSIVE FORCE – ELEMENTS -

## BURDEN OF PROOF

In order to prevail on his Excessive Force claim against Defendant Board, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1.     Defendant Morgan used excessive force, as described in the previous Instruction, against Plaintiff.

2.     Defendant Morgan's use of excessive force was within the scope of his employment as an employee of Defendant Board.

3.     As a result, Plaintiff was injured.

If you find that Plaintiff has proved each of these elements, your verdict should be for Plaintiff.  If, on the other hand, Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant Board.

## OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT

## SCOPE OF EMPLOYMENT

The Defendant Board of County Commissioners cannot be held liable under the OGTCA for any act or omission of an employee acting outside the scope of the employee's employment. Defendant Morgan is an employee of the Defendant Board of County Commissioners under the terms of the OGTCA.

Scope of employment is defined under the OGTCA as the performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority. However, an employer may be held responsible for a tort committed by the employee where the act is incidental to and done in furtherance of the business of the employer even though the servant or agent acted in excess of the authority.

If you find that Defendant Morgan acted outside the scope of his employment at the times relevant to Plaintiff's allegations, you may not find any liability on the part of the Defendant Board of County Commissioners.

## STATE-LAW TORT CLAIM:  DAMAGES – COMPENSATORY

If you find in favor of Plaintiff on his claim alleged under the OGTCA, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of excessive force on the part of Defendant Morgan, within the scope of his employment with Defendant Board.  These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The wages, salary, profits, earning capacity that Plaintiff has lost.

2. The physical and mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injuries he has sustained.

## STATE-LAW TORT CLAIM:  DAMAGES – NOMINAL

The law that applies to Plaintiff's claim against Defendant Board authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## AVOIDANCE OF DOUBLE RECOVERY

If you find in favor of Plaintiff against Defendant Morgan on Plaintiff's federal claim and in favor of Plaintiff against Defendant Board on his state-law tort claim, Plaintiff is entitled to be compensated only for the injuries Plaintiff actually suffered.  That is, you should award an amount of compensatory damages no greater than you would award if you found in favor of Plaintiff on only one of the two claims.

## <u>SPECULATIVE DAMAGES</u>

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered by you as intimating any view of mine as to which side of the litigation is entitled to receive your verdict. Instructions as to the measure of damages are given for your guidance, in the event you should find the issue of liability in favor of the Plaintiff by a preponderance of the evidence.

## VERDICT NOT BASED ON SYMPATHY

You should not allow sympathy or prejudice to influence your decision. You are to look upon the evidence presented and apply the instructions of the court to the evidence in a completely objective and dispassionate way.

## A JURY'S DUTY TO DELIBERATE

It is your duty, as jurors, to talk with one another and to deliberate in the jury room. You should try to reach an agreement if you can. Each of you must decide the case for yourself, but only after consideration of the evidence with the other members of the jury. While this is going on, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently, or merely to get the case over with. You must not use any method of chance in arriving at your verdict but rest it on the opinion of each juror who agrees with it.

The decision you reach in the jury room must be unanimous. You must all agree. Your deliberations will be secret. You will never have to explain your verdict to anyone.

## **SELECTION OF FOREPERSON,**

## **COMMUNICATION WITH THE JUDGE, VERDICT FORM**

When you go to the jury room to begin considering the evidence in this case, I suggest you first select one of the members of the jury to act as your foreperson. This person will help guide your discussions in the jury room.

Once you are there, do not speak to anyone not a member of the jury. This includes the bailiff. Do not speak to the bailiff or anyone else. You should only communicate with me, and you should communicate with me only by a written message. Simply give the written message to the bailiff, and he will bring the message to me. You will have a form in the jury deliberation room for this purpose.

Please understand that when you send me a written message, I am obligated, in most instances, to call in the lawyers to discuss an appropriate response. Therefore, you should remember a couple of things. First, do not put in the message how you stand as to your verdict. For instance, if you are split "4-4" or "6-2" – do not tell me that in your note. Second, because I will need to discuss an appropriate response to your message with the lawyers, you should not expect an immediate response. We will respond as quickly as possible, but you should not stop your deliberations while awaiting a response.

Often your message will be a question about the law or the evidence. Ninety percent of the time, after I have consulted with counsel, the response I give to your question is: "You have all of the law and evidence necessary for you to reach a verdict." I'm telling you this now, not to discourage you from sending me a written question, but so that you will not be surprised or annoyed at the answer you ultimately receive.

There are a few messages I might receive from you that I will act on without asking for input from the lawyers. Usually that message involves jurors who want to go outside to smoke. If any of you need to go smoke during deliberations, I will give my approval without consulting counsel. But you must remember that you can only deliberate when all of you are together. When smokers leave the deliberation room, the remaining jurors must stop deliberating. Likewise, the smothers cannot deliberate among themselves while they are smoking.

When I send you a written message back, please keep it in this instruction book and bring it back with you when you have reached a verdict.

As I have mentioned, the decision you reach must be unanimous. You must all agree. When you have reached a decision, have the foreperson fill in the verdict form, date and sign it. Then give the bailiff a note to me indicating you have reached a verdict.

The bailiff will come forward to be sworn.

Dated this 4th day of October, 2019.

Ronald A. White