IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD E. OSTERHOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-99-RAW |
| | ) |
| JASON TIMMS; KENDALL MORGAN; | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF LEFLORE COUNTY, OKLAHOMA, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of defendant Morgan for new trial. This matter came on for trial on October 1-4, 2019. The jury returned a verdict (#144) against both defendant Morgan and defendant Board of County Commissioners of LeFlore County. It assessed compensatory damages against both defendants in the amount of $3 million and punitive damages against Morgan in the amount of $1 million.

Pursuant to Rule 59(a)(1)(A) F.R.Cv.P., the court may, on motion, grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Motions for new trial are not regarded with favor and should only be granted with great caution. *Franklin v. Thompson,* 981 F.2d 1168, 1171 (10th Cir.1992).

The first ground asserted is that the conduct of plaintiff's counsel during trial was improper. The decision to grant a new trial based upon counsel's misconduct is left largely

to the discretion of the district court. *Ryan Development Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.,* 711 F.3d 1165, 1171 (10th Cir.2013). Plaintiff's response to this argument largely deals with the three factors described in *Whittenburg v. Werner Enterprises,* 561 F.3d 1122, 1131 (10th Cir.2009). "In general, these three factors require courts to compare the propriety of the challenged remarks against the weight of the evidence." *Burke v. Regalado,* 935 F.3d 960, 1026 (10th Cir.2019). As defendant notes, however, this test focuses upon a situation in which a new trial is requested based upon improper closing argument. (#167 at 3). Defendant's contention is that he was prejudiced by improper conduct throughout trial. *Id.*

New trials have been granted based upon alleged "wire-to-wire misconduct" by counsel. *See Moody v. Ford Motor Co.,* 506 F.Supp.2d 823, 827 (N.D.Okla.2007); *Bird v. West Valley City,* 2019 WL 1406614, *11 (D.Utah 2019)(citing cases). A test frequently cited in this context is as follows: the court must examine the totality of the circumstances, including the nature of the comments, their frequency, their possible relevance to the real issue before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g., whether it is a close case) and the verdict itself. *City of Cleveland v. Peter Kiewit Sons' Co.,* 624 F.2d 749, 756 (6th Cir.1980).

Movant first contends that plaintiff's counsel conducted himself improperly throughout trial, including violating the court's *in limine* rulings. The court is not persuaded. Defendant Morgan filed a motion in limine (#111) which listed thirteen areas of evidence he

2

sought to exclude. None of the thirteen involved the topic of defendant Morgan and Jason Timms being involved in the marijuana industry[1]. Movant mentions comments made by plaintiff's counsel about this topic in support of his motion (#167 at 2 nn.1 & 2) but (as stated) this was not a subject of an *in limine* ruling and often there was no contemporaneous objection. On the occasion of an objection, the court sustained it. (#163 at pages 108-109 of 123 in CM/ECF pagination). The comments on this topic by plaintiff's counsel were not sufficiently frequent or prejudicial to warrant a new trial under the totality of the circumstances.

Movant states the motion in limine also sought to preclude "(c) mentioning other cases against the Board or Morgan involving allegations of excessive force, or (d) referring to "any FBI or OSBI investigation" of Morgan concerning other instances of alleged use of excessive force. (#167 at 2-3). Actually, the court does not read the motion as expressly mentioning topic (c), although defendants were of course still free to object. As for (d), the motion simply refers to "any FBI or OSBI investigation" and asking a witness what an OSBI agent <u>told</u> the witness about any Defendant, or other incidents with Defendant Morgan. (#111 at 14-15). Plaintiff's counsel did occasionally refer to other incidents, but did not refer to an investigation. At one point (during a bench conference) counsel for the Board stated: "I would bet that all of that evidence comes from the OSBI report." (#163 at page 15 of 123 in CM/ECF pagination). This assertion was never established. During one bench

---

[1] Timms was dismissed as a defendant before trial by order #78.

3

conference, the court explained why an objection was overruled. (#162 at page 61-62 of 265 in CM/ECF pagination). A new trial will not be granted on this basis either.

As to remarks made by plaintiff's counsel during closing argument, the same ruling is made, whether applying the *Whittenburg* factors or the *City of Cleveland* test. Both forms of analysis place emphasis on the weight of the evidence. In the court's view, the evidence in favor of plaintiff as to liability was strong. The remarks upon which the motion is based were not sufficiently substantial or repeated to undermine faith that the jury's verdict was fairly obtained. Conduct of plaintiff's counsel does not warrant a new trial in this instance.

Next, movant argues that because there were two defendants sued and for different causes of action, separate jury verdict forms should have been used. Movant (defendant Morgan) was sued under 42 U.S.C. §1983 while defendant Board was sued under Oklahoma state tort law for negligence. Movant notes that 23 O.S. §15(A) requires several liability only. Plaintiff responds that this statute does not apply to claims brought pursuant to the doctrine of *respondeat superior*. Although authority is not abundant, the court agrees with the logic of plaintiff's argument. Needless to say, the County did not personally participate in the assault. The facts presented a single, indivisible injury[2]. *Cf. Myrick v. Mastagni,* 185 Cal.App 4th 1082, 1090 (2010)(California statute providing for several liability does not apply to the vicarious liability of an employer under the doctrine of *respondeat superior*);

---

[2]The jury found liability separately as to each defendant (#144).

*McHugh v. Olympia Entm't, Inc.,* 37 Fed. Appx. 730, 736 n.4 (6th Cir.2002)(Michigan's comparative fault statute does not apply to federal civil rights claim).

Movant's third proposition is that a new trial is warranted because there is no evidence supporting the damages award. When a motion for new trial "asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark, Inc. v. Kerr-McGee Corp.,* 565 F.3d 753, 762 (10th Cir.2009). The court must review the record in the light most favorable to the prevailing party. *Patton v. TIC United Corp.,* 77 F.3d 1235, 1242 (10th Cir.1996). The present motion focuses upon the damages award, but in any event the court finds the evidence sufficient to support a verdict in plaintiff's favor as to movant's liability.

A jury's determination of damages is considered inviolate unless an award is so excessive as to shock the judicial conscience and raises an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial. *Malandris v. Merrill Lynch. Pierce, Fenner & Smith Inc.,* 703 F.2d 1152, 1168 (10th Cir.1981). Where the court concludes that there was error only in an excessive damage award, but not one also tainting the finding of liability, the court may order a remittitur and alternatively direct a new trial if the plaintiff refuses to accept the remittitur. *See Klein v. Grynburg,* 44 F.3d 1497, 1504 (10th Cir.1995). Accordingly, the court will discuss the damage award in a separate order addressing movant's motion for remittitur.

Movant also contends that a new trial should be granted because of the inconsistencies in rendering a verdict awarding punitive damages against defendant Morgan, and finding negligence against defendant Board on the basis of *respondeat superior*. Scope of employment was (and remains) a thorny issue in this litigation. A state or political subdivision is not liable for torts of employees that are committed while acting outside the scope of employment. 51 O.S. §153(A). "Scope of employment" is defined as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority." 51 O.S. §152(12). The Board moved for summary judgment on the issue and the court denied it, based on such cases as *Spradlin v. City of Owasso,* 2014 WL 1664974, *9 (N.D.Okla.2014)("Under some circumstances, assaults committed by government employees may be found to be within the scope of employment"); *See also Barnes v. United States,* 707 Fed.Appx. 512, 517-18 (10th Cir.2017).

After the presentation of evidence, the issue was raised again. The court determined to present the issue to the jury. In *Lampkin v. Little,* 286 F.3d 1206 (10th Cir.2002), the court stated "the inquiry into whether the employee acted in good faith for purposes of the scope of employment and the inquiry into whether the employee acted in good faith in committing particular acts are not identical." *Id.* at 1213. For purposes of determining the state's or political subdivision's liability for its employees' acts under 51 O.S. §153, a finding that an officer at some time during the episode went beyond the bounds of good faith is not

6

necessarily inconsistent with a finding that the officer acted within the scope of his employment. *Id.* (citation omitted). This could be read as describing a "spectrum" of excessive force, in which certain acts may be found within the scope of employment and certain acts found outside the scope of employment.

Is a different analysis applicable <u>after</u> the trial, when the jury has awarded punitive damages? This may seem an odd result, but the Tenth Circuit appears to have answered this question in the affirmative in *Houston v. Reich,* 932 F.2d 883 (10th Cir.1991), a case not discussed by the parties. The court held that, because the jury awarded punitive damages against two police officers, having found under the instructions that their conducted amounted to gross negligence and willful and wanton conduct amounting to reckless disregard of plaintiff's rights, as a matter of law the officers acted outside the scope of their employment. *Id.* at 890.

Plaintiff's argument is as follows: the Supreme Court holds that punitive damages can be appropriate in a §1983 case upon a showing of reckless indifference. *Smith v. Wade,* 461 U.S. 30, 35 (1983). The Supreme Court of Oklahoma has held that "[a]cts performed with 'reckless disregard' do not automatically rise to a level constituting malice or bad faith." *Gowens v. Barstow,* 364 P.3d 644, 652 (Okla.2015). Thus, in plaintiff's view, "an assessment of punitive damages against Morgan and a finding of BOCC's *respondeat superior* liability under the GTCA, are not necessarily inconsistent." (#157 at page 24 of 26 in CM/ECF pagination). The court in *Reich*, however, noted that the jury instructions told

the jury that punitive damages were appropriate if they found the conduct amounted to "reckless disregard." 932 F.2d at 890. When a Tenth Circuit panel has rendered a decision interpreting state law, that interpretation is binding on district courts in the Tenth Circuit unless an intervening decision of the state's highest court has resolved the issue. *See Wankier v. Crown Equip. Corp.,* 353 F.3d 862, 866 (10th Cir.2003). *Gowens* was not a case involving excessive force and said the determination regarding scope of employment should be made on a case-by-case basis. 364 P.3d at 652. Still, an argument exists that *Gowens* may draw the interpretation of state law in *Reich* into question.

Except in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the of scope of employment at any given time is a question for the trier of fact. *See Tuffy's, Inc. v. City of Okla. City,* 212 P.3d 1158, 1163 (Okla.2009). This court so submitted it. The issue is whether the *Reich* decision resolves the issue as a matter of law, given the jury's award of punitive damages[3].

This impels a brief discussion of another issue. A conclusion that Morgan acted outside the scope of his employment only redounds to the benefit of the Board. Of course, punitive damages are not recoverable against the Board in any event. *See* 51 O.S. §154(C). If Morgan did not act within the scope of his employment, the Board is not liable for compensatory damages either. The pending motion, however, is only on behalf of Morgan. The Board has not filed a post-trial motion. Moreover, the pending motion only seeks a new

---

[3]If *Reich* governs on this point, there is a <u>disincentive</u> for a plaintiff to seek punitive damages.

trial. Morgan has no standing to advocate a result on behalf of the Board. Even if the Board had filed a motion, the court would not grant it (for the reasons stated above) but it will certainly not grant a new trial or judgment as a matter of law to the Board *sua sponte*.

Finally, Morgan seeks a new trial on the ground that the court should have ordered bifurcation of the liability and punitive damages stages of the trial. Pursuant to Rule 42(b) F.R.Cv.P., the court has broad discretion in this regard. *EEOC v. Beverage Distributors Co., LLC,* 2012 WL 6547782, *4 (D.Colo.2012). As plaintiff notes in his response, defendants never requested bifurcation. A new trial will not be granted on this basis either.

It is the order of the court that the motion of defendant Kendall Morgan for new trial (#152) is hereby denied.

**ORDERED THIS 23rd DAY OF APRIL, 2020.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma