IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD E. OSTERHOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-99-RAW |
| | ) |
| JASON TIMMS; KENDALL MORGAN; | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF LEFLORE COUNTY, OKLAHOMA, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of defendant Morgan to stay proceedings/execution of the judgment and waiver of a supersedeas bond. This matter came on for trial on October 1-4, 2019. The jury returned a verdict (#144) against both defendant Morgan and defendant Board of County Commissioners of LeFlore County. It assessed compensatory damages against the defendants in the amount of $3 million and punitive damages against Morgan in the amount of $1 million. Judgment was entered (#150) on October 9, 2019.

The 30-day automatic stay provided by Rule 62(a) F.R.Cv.P. has expired. Defendant has, however, filed various post-trial motions. Among them are a motion for new trial and a motion to amend judgment. These motions remain pending at this time, and also serve to stay proceedings to enforce a judgment. *See* Local Civil Rule 62.1(a).

Based upon the court's rulings on these companion motions, the present motion is no longer necessary at this time. Specifically, the court granted in part defendant's motion for

remittitur, which means that the present Judgment will not stand. Either plaintiff will accept the remittur and a new Judgment will be entered, or plaintiff will reject the remittitur and the present Judgment will be vacated in part and a new trial held. Nevertheless, the court wishes to provide guidance so that the present motion will not simply be re-filed in the same form at a later date.

A supersedeas bond "is usually for the full amount of the judgment, though the district court has discretion in setting the amount." *Strong v. Laubach,* 443 F.3d 1297, 1299 (10th Cir.2006). District courts have the inherent authority to waive the requirement of a supersedeas bond or to reduce the amount of the bond to prevent irreparable harm to the judgment debtor. *Miami Intern. Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986).

Defendant has submitted an affidavit (#154-1) stating that he is indigent and lacks the ability to pay the Judgment. The Tenth Circuit appears to consider the threat of insolvency as constituting sufficient irreparable harm to stay execution of judgment pending appeal without requiring a full supersedeas bond. *Id.* at 874. The affidavit, however, stands alone at this time. "[A]n affidavit, without more, is not enough to justify waiving the full supersedeas bond requirement." *Perez v. El Tequila, LLC,* 2016 WL 1169504, *3 (N.D.Okla.2016)(footnote omitted). The party seeking waiver or reduction of a supersedeas bond has the burden to objectively demonstrate financial difficulty in posting the entire bond amount. *Id.* It is also the appellant's duty to propose a plan that will provide adequate (or

as adequate as possible) security for the appellee.  *Paynter,* 807 F.2d at 873-74.  Defendant has not met this burden on the present record.

The parties appear to agree that discovery should be conducted.  (*See* #158 at 8; #169 at 2).  It seems to the court this would be most expeditiously conducted while plaintiff's decision regarding remittitur is pending, but the parties may make this decision.

It is the order of the court that the motion of defendant Kendall Morgan to stay and waive supersedeas bond (#154) is hereby denied without prejudice.  Execution on the Judgment, however, remains stayed in view of the pending motion to amend judgment (#151), which will be addressed after plaintiff's decision regarding remittitur.

**ORDERED THIS 23rd DAY OF APRIL, 2020.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**