IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CHAD E. OSTERHOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: CIV-17-99-RAW |
| | ) | |
| (1) KENDALL MORGAN, | ) | |
| (2) BOARD OF COUNTY COMMISSIONERS OF LEFLORE COUNTY, OKLAHOMA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE ASSOCIATION OF COUNTY COMMISSIONERS OF OKLAHOMA SELF INSURED GROUP (AGGO-SIG), GROUP, An Association of political subdivisions of the State of Oklahoma, | ) | |
| Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COUNTY REINSURANCE LIMITED, | ) | |
| Garnishee. | ) | |

# ORDER

Before the court is the motion of garnishee County Reinsurance, Limited ("CRL") to dismiss garnishment. [Docket No. 229]. This case involves a post judgment claim against defendant Kendall Morgan. In October 2019, the underlying matter was tried and the jury returned a verdict of $3 million in compensatory damages and $1 million in punitive damages, which was subsequently reduced to $1,875,000 in compensatory damages and $1,000,000 in punitive damages against Morgan.

On August 9, 2022 Plaintiff filed a garnishment against CRL, the issuer of a reinsurance

contract with Association of County Commissioners of Oklahoma Self Insured Group ("ACCO-SIG") seeking recovery of insurance proceeds to satisfy the Amended Judgment. The garnishee, CRL, filed the instant motion to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P., claiming that defendant Kendall Morgan has no rights with respect to the reinsurance agreement between ACCO-SIG and RCL and that RCL's liability is contingent and not subject to garnishment.

In response, plaintiff contends that through a deposition of ACCO-SOG designee, Dusty Birdsong, Plaintiff discovered facts indicating that RCL is financially responsible for ACCO-SIG claim liability in excess of $500,000, up to the policy limits, and that ACCO-SIG has an equity ownership interest in CRL. Further, Plaintiff cites a letter written by ACCO-SIG's former General Counsel indicating that RCL's involvement in the claims process appears to be more than that of a reinsurer [Docket No. 233-2]. The court would reach the same ultimate result without consideration of the letter and therefore the court does not convert the motion to one for summary judgment.

Reinsurance is essentially insurance for insurance companies. *Employers Reins. Corp. v. Mid-Continent Cas. Co.,* 358 F.3d 757, 761 (10th Cir. 2004). Reinsurance occurs when a carrier (the "reinsurer") agrees to cover losses experienced by an insurer (the "cedent") for certain covered risks. *Utica Mut. Ins. Co. v. Clearwater Ins. Co.,* 906 F.3d 12, 15 (2d Cir. 2018). These reinsurance contracts allow the reinsured to distribute its risk of loss among reinsurers. *Id.* There are two types of reinsurance contracts: facultative and treaty. A facultative reinsurer insures part or all of a single insurance policy, with underwriting occurring as to each reinsured policy. *Id.* A treaty reinsurer insures specified classes of a ceding insurer's policies. *Id.* CRL represents that the reinsurance in this case was facultative.

It is a basic rule of insurance law that the existence of a reinsurance contract does not allow

an insured to proceed directly against the reinsurer, generally even if the original insurer becomes insolvent. *Canal Ins. Co., v. Montello, Inc.* 826 F.Supp.2d 1264, 1268 (N.D. Okla. 2011). Ultimately the Tenth Circuit affirmed the district court as to other rulings (2015 WL 13924151(10th Cir. 2015)), but it does not appear this issue was raised on appeal.

"It is well settled that the original insured cannot maintain a direct action against a reinsurer and correspondingly, the reinsurer has no direct liability to the original insured, based on the fact that the original insured is neither a party to the reinsurance contract or in privity." 1A **Couch on Insurance,** §9:30 (2023). "However, there are exceptions to this general rule." *Id.* "Even in the absence of an express provision, such a right may be implied through the conduct of the reinsurer. Where the original insured consistently deals directly with the reinsurer, bypassing the original insurer, the reinsurer may become directly liable to the insured." *Id.* (footnote omitted). David J. Marchitelli, Annotation, *Who May Enforce Liability of a Reinsurer,* 87 A.L.R. 6th 319 (2013)("Under an ordinary contract of reinsurance, only the reinsured insurance carrier may possess a right of action against the reinsurer . . . [H]owever, courts have found that such third parties were entitled to proceed directly against a reinsurer . . . where an overreaching reinsurer exposed itself to liability by behaving more like a primary insurer than a reinsurer."). Plaintiff asserts the applicability of this exception to the general rule.

When addressing a Rule 12(b)(6) motion to dismiss, the court does not weigh the evidence the parties might present at trial but instead assesses whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014).* A complaint is legally sufficient when it contains enough "facts to state a claim to relief that is plausible on its face," and the factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A well-pled complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very

remote and unlikely." *Id*. In assessing a claim's plausibility, the court must accept all well-pled facts as true and view them in the light most favorable to the claimant. *Brokers' Choice*, 757 F.3d at 1165. The court is not bound, however, to accept an allegation as true when it amounts to no more than a conclusory statement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court finds that there are indications CRL may be functioning as a primary insurer. There are cases where courts have found that insurers in such situations expose themselves to liability for third parties. Plaintiff's claim is at least sufficiently plausible to avoid dismissal. Accordingly, CRL's Motion to Dismiss [Docket No. 229] is DENIED.

Dated this 21st day of September, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

* In the case at bar, there is no complaint upon which to apply this standard, but rather the garnishment affidavit (#221) and summons (#222).