# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

CHAD E. OSTERHOUT,       )
                )
                )
        Plaintiff,      )
                )
v.                   )      Case No. CIV-17-99-RAW
                )
KENDALL MORGAN, et al.,     )
                )
                )
        Defendants.    )

## ORDER

Before the court is the motion of the Association of County Commissioners of Oklahoma Self Insured Group (ACCO-SIG) for summary judgment. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim. *Sanderson v. Wyoming Highway Patrol,* 976 F.3d 1164, 1173 (10th Cir.2020). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wright v. Experian Info. Sols.*, *Inc.,* 805 F.3d 1232, 1239 (10th Cir.2015).

The underlying action is described in *Osterhout v. Bd. of County Commissioners of LeFlore County,* 10 F.4th 978 (10th Cir.2021). The background facts are largely undisputed. The present litigation involves a post-judgment claim against defendant Kendall Morgan. In October, 2019, the underlying matter was tried and the jury returned a verdict of $3 million in compensatory damages and $1 million in punitive damages, which was subsequently reduced to $1,875,000 in compensatory

damages and $1,000,000 in punitive damages against Morgan.  Judgment was entered against LeFlore County in the amount of $125,000.

Morgan was an employee of defendant Board of County Commissioners of LeFlore County, Oklahoma.  LeFlore County was a named Plan Member under the ACCO-SIG Liability Coverage Agreement.  (#236-1).[1]

Plaintiff filed a garnishment affidavit (#198) as to ACCO-SIG, which filed a garnishee's objection (#207).  Magistrate Judge West granted (#220) ACCO-SIG's motion for protective order (#211) as to certain discovery.  Ultimately, movant filed the present motion (#236), effectively replacing the original motion filed the same day (#235).

Movant contends that Morgan's intentional use of excessive force was reckless, wanton, and malicious and is excluded from coverage under the express and unambiguous terms of the Coverage Agreement.

First, movant contends that, under the court's instructions (#143 at 33), the jury's award of punitive damages against Morgan necessarily required a finding that Morgan's conduct was "malicious or in reckless disregard" of plaintiff's rights.  Movant contends that this places Morgan's conduct outside the "Scope of Duty" as defined in the Coverage Agreement.  (#236-1 at page 30 of 54 in CM/ECF pagination.  Section 2, IV. (32 (a)(i))("**Scope of duties** <u>shall not</u> include any dishonest, criminal, fraudulent, bad faith, reckless, wanton or malicious act.")).  Plaintiff responds that "the jury's finding that Morgan was acting within the scope of employment has been upheld" (#237 at 13) and therefore the issue is foreclosed.

---

[1]ACCO-SIG "is an insurance company for some purposes, but is a governmental entity immune from a tort claim for the breach of the duty of good faith and fair dealing."  *Bd. of Cnty. Comm'rs of Delaware Cnty. v. Ass'n of Cnty. Comm'rs of Oklahoma Self-Ins. Grp.*, 339 P.3d 866, 867 (Okla.2014).

The court disagrees with plaintiff's specific argument, but nevertheless declines to grant the motion in this aspect.  In denying Morgan's motion for a new trial, this court noted the interplay between an award of punitive damages and scope of employment under the OGTCA.  *See* #170 at 6-8.  The issue was raised on appeal, but the Tenth Circuit ruled that the Board had waived the issue but failing to file a Rule 50(b) motion.  *Osterhout,* 10 F.4th at 1004.  Affirming a ruling based on waiver does not indicate the appellate court would also have affirmed upon reaching the merits.  This court does not find the issue foreclosed.

There is great similarity in language between "scope of employment" as defined in 51 O.S. §152(12) and the definition of "Scope of Duties" set forth in the Coverage Agreement (#236-1 at page 30 of 54 in CM/ECF pagination.  Section 2, IV 32(a)).  Both refer to the "good faith" conduct required of the employee.  Movant argues "there is a significant difference between LeFlore's tort liability under the Governmental Tort Claims Act ("GTCA") and whether Morgan's conduct is covered under the express terms of the Coverage Agreement."  (#238 at 6).  Also, "Osterhout's argument confuses the common law concept of *respondeat superior* with the insurer/insured's right to contract for insurance coverage as they deem appropriate."  *Id.*  These are distinct issues, but when the applicable language is virtually identical, the resolution is less obvious than movant contends.  The court has found no authority addressing  this disputed question.[2]   The court finds resolution unnecessary because it is not necessary to the court's ultimate determination.

In a provision seemingly directed at law enforcement, the Coverage Agreement states that the exclusion as to intentional acts does not apply to "use of reasonable force to protect persons or

---

[2]Movant cites *Houston v. Reich,* 932 F.2d 883 (10th Cir.1991) as "dispositive" (#236 at pages 18-19 of 27 in CM/ECF pagination).  That decision did not deal with insurance coverage either.

3

property." (#236-1 at page 13 of 54 in CM/ECG pagination.  Section 2, I 18(a)).  This "reasonable force" exception is also limited, and does not apply if "the use of force was committed criminally, fraudulently, in bad faith, recklessly, wantonly, or maliciously".  *Id.* at 18(a)(i).  Movant again notes that the jury was instructed that "You may assess punitive damages only if you find that the conduct of Defendant Morgan was malicious or in reckless disregard of plaintiff's rights." (#143 at 33).  The jury did award punitive damages.  Therefore, in movant's argument, the jury found either malice or reckless disregard, and no coverage exists.  *See also* #143 at 26-28 (discussing reasonable force).

Plaintiff cites the doctrine of "reasonable expectations".  Oklahoma courts apply this doctrine when a policy's language is ambiguous, or when an exclusion within a policy is masked by technical or obscure language or hidden in the policy's provisions.  *Edens v. The Netherlands Ins. Co.,* 834 F.3d 1116, 1120-21 (10th Cir.2016).  Plaintiff concedes that a finding of "malice" would negate coverage, but asserts that it cannot be determined whether  the jury found malice <u>or</u> reckless disregard.  He argues that "reckless" is an ambiguous term that is not defined under the Agreement.

Plaintiff also invokes the doctrine of qualified immunity, and argues that the term "reckless" does not inform a reasonable officer what type of conduct is prohibited.

It is correct that (as regards qualified immunity) specificity is "especially important in the Fourth Amendment context," where it is "sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna,* 577 U.S. 7, 12 (2015).  In the insurance context, this need for factual development

4

might well caution an insurer to hesitate before denying a request to defend in a case of this type.[3]

In the case at bar, however, the trial is over and the factual development is complete. Plaintiff's analogy is damaged further by the fact that in this very litigation this court was affirmed by the Tenth Circuit in denying qualified immunity to Morgan. *See Osterhout v. Morgan,* 763 Fed.Appx. 757 (10th Cir.2019).

The jury, under proper instruction, found that Morgan did not use reasonable force. Under the terms of the Coverage Agreement, therefore, such conduct is not covered. The interpretation of an insurance policy is a question of law. *Cherokee Nation v. Lexington Ins. Co.,* 521 P.3d 1261, 1266 (Okla.2022). Parties are free to contract for insurance that covers whatever risks they see fit, and they will be bound by the terms of the contract. *Crown Energy Co. v. Mid-Continent Cas. Co.,* 511 P.3d 1064, 1068 (Okla.2022). If the terms of the contract are clear, consistent, and unambiguous, they are accepted in their ordinary sense. *Id.* This court does not find applicable the doctrine of "reasonable expectations" and does not find the Coverage Agreement ambiguous.[4]

Having concluded that summary judgment is appropriate as to insurer AACO-SIG, the court will also dismiss the garnishment action as to reinsurer County Reinsurance, Limited.

---

[3]This is contemplated by the Coverage Agreement: "**ACCO-SIG** may elect to defend the **Plan Member(s)** until it is determined that the **Claim** arose out of a criminal, dishonest, bad faith, fraudulent, reckless, wanton, malicious or intentional act of the **Plan Member.**" (#236-1 at page 13 of 54 in CM/ECF pagination. Section 2, VI, 18(a)(i)).

[4]In 2019, the plaintiff presented a declaration by an insurance defense attorney expressing the opinion that coverage as to Morgan did exist. (#158-1). The court disagrees. *See also Anderson v. Suiters,* 499 F.3d 1228, 1237 (10th Cir.2007)(testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored). Plaintiff does not dispute that the award of punitive damages against Morgan is not covered as a matter of Oklahoma law. (#237 at n.12).

It is the order of the court that the amended motion for summary judgment (#236) is hereby granted. The original motion (#235) is deemed moot. ACCO-SIG and County Reinsurance, Limited are both dismissed as to the garnishment action.

**ORDERED THIS 25th DAY OF SEPTEMBER, 2023.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

6